UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL ACTION

GIOVENNIE BARAHONA                              NUMBER 09-120-JJB-SCR


### **NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 14, 2012.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION

GIOVENNIE BARAHONA                                  NUMBER 09-120-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the Verified Motion to Vacate Sentence and Conviction pursuant to 28 U.S.C. § 2255 filed by petitioner Giovennie Barahona. Record document number 47. The United States of America filed a response.[1]

**I. Procedural History**

On February 3, 2010, the petitioner pled guilty to one count illegal reentry by a removed alien in violation of 8 U.S.C. § 1362(a). On June 3, 2010, the petitioner was sentenced to imprisonment for a term of 120 months.

Petitioner appealed. The United States Court of Appeals for the Fifth Circuit affirmed the district court judgment. *United States v. Giovennie Barahona*, 412 Fed.Appx. 717 (5th Cir. 2011).

Petitioner signed his motion on August 11, 2011, and it was filed on August 18, 2011. Petitioner argued that he was denied

---

[1] Record document number 55. Petitioner filed a reply. Record document number 56.

effective assistance of counsel at trial and on appeal. Specifically, the petitioner argued that:

(1) his guilty plea was not voluntary because counsel advised him that if he pled guilty and told the court that he was satisfied with counsel's representation he would receive a sentence of 3.5 years;

(2) his guilty plea was not intelligently entered because counsel failed to investigate his prior removal order for defects;

(3) his guilty plea was not intelligently entered because counsel failed to file a motion to suppress the deportation order related to the prior removal order;

(4) counsel failed to request a downward departure for acceptance of responsibility;

(5) counsel failed to file a Rule 12(b)(2) Motion to Suppress the Deportation Order;

(6) counsel failed to contact the petitioner's foreign consular officials and request additional assistance;

(7) appellate counsel failed to argue that the district court erred in not awarding him a two-level reduction to his sentence for acceptance of responsibility pursuant to USSG § 3E1.1.

Petitioner also asserted that the district court lacked subject matter jurisdiction because the prior deportation order was

2

defective.

Petitioner's § 2255 motion was filed timely. No evidentiary hearing is required.

## II. Applicable Law and Analysis

### Grounds for § 2255 Motion

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and, (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

### Ground 1: Ineffective Assistance of Counsel

Petitioner argued that he was denied effective assistance of counsel at trial and on appeal. No aspect of the petitioner's ineffective assistance of counsel claim has merit.

To obtain relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective

3

standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983).

The same test applies when a petitioner alleges ineffective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370 (1985). To satisfy the second prong of this test, the petitioner must show that "there is reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. at 370. To meet the prejudice prong, the defendant must affirmatively prove, and not merely allege, prejudice. *Bonvillain v. Blackburn,* 780 F.2d 1248, 1253 (5th Cir. 1986). Thus, "[e]ven where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary. In such a case there is 'no actual and substantial disadvantage' to the defense." *United States v. Diaz,* 733 F.2d 371, 376 (5th Cir.1984) (quoting *Diaz v. Martin,* 718 F.2d 1372, 1379 (5th Cir. 1983)).

A voluntary guilty plea waives all non-jurisdictional defects

4

in the proceedings against the defendant. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. *Id*.

Petitioner has not come forward with any evidence to establish that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial.

### Components 1, 2 and 3: Guilty Plea was Knowing and Voluntary

In the first component of his ineffective assistance of counsel claim, the petitioner argued that his guilty plea was not voluntary because counsel told him he would receive a 3.5 year sentence.

In the second and third components of his ineffective assistance of counsel claim, the petitioner argued that his guilty plea was not intelligently made because counsel failed to investigate his prior removal order for defects and then move to suppress the deportation order based on those defects. Specifically, the petitioner argued that counsel should have discovered that his prior removal order was defective because his state conviction did not qualify as an "aggravated felony" and he would have been eligible for pre-conclusion voluntary departure

pursuant to 8 U.S.C. § 1229C(a) if his state conviction was not characterized as an aggravated felony. In addition, the petitioner argued that counsel should have discovered that the underlying removal order was defective because his waiver of counsel during the removal proceeding was unknowing and involuntary and he was not advised of his right to appeal the decision of the immigration proceeding.

Rule 11, Fed.R.Crim.P., ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting it.[2] *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002). Petitioner has the burden to show (1) there is an error, (2) that is clear and obvious, and (3) that the error affects his substantial rights. *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2002).

Petitioner was rearraigned on February 3, 2010, represented by

---

[2] Rule 11(b)(1) provides, in pertinent part, as follows:
  Before the court accept a plea of guilty or nolo contendere,... the court must inform the defendant of, and determine that the defendant understands, the following:
...
   (G) the nature of each charge to which the defendant is pleading;
   (H) any maximum possible penalty ...;
   (I) any mandatory minimum penalty;
...
   (M) in determining the sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors ...

André Belanger.  The plea agreement was read into the record[3] the petitioner advised the court that he still wanted to enter into the plea agreement,[4] the petitioner pled guilty,[5] after which he was placed under oath[6] and questioned by the court.

During the Rule 11 colloquy, the district judge informed the petitioner of the charges against him to which he intended to plead guilty.[7]  The district judge verified that the petitioner fully understood the charges against him and the sentencing ramifications of his guilty plea.[8] Petitioner understood that his sentence would not be based on any estimate he may have received from his attorney.[9]  Petitioner clearly advised the court that he was satisfied with the efforts of his attorney on his behalf.[10] Petitioner was also asked whether "anyone forced you, threatened you, or made promises to you to get you to plead guilty?"[11]

---

[3] Record document number 51, Transcript of Re-arraignment, pp. 3-8.

[4] *Id.* at 8.

[5] *Id.* at 9.

[6] *Id.* at 9-10.

[7] *Id.* at 11-12.

[8] *Id.* at 12, 15-18.

[9] *Id.* at 16-17.

[10] *Id.* at 14.

[11] *Id.* at 18.

7

Petitioner answered, "No."[12]

The record clearly shows that the petitioner was adequately informed and was aware of the consequences of his plea. Petitioner's plea was voluntary, knowing and intelligently entered. Grounds 1, 2 and 3 of the petitioner's ineffective assistance of counsel claim are without merit.

**Components 4 and 7: Downward Departure**

In the fourth component of his ineffective assistance of counsel claim, the petitioner argued that counsel failed to request a downward departure for acceptance of responsibility pursuant to USSG § 3E1.1.

In the seventh component of his ineffective assistance of counsel claim, the petitioner argued that he was denied effective assistance of counsel on appeal when counsel failed to argue that the district court erred in not awarding him a two-level reduction to his sentence for acceptance of responsibility pursuant to USSG § 3E1.1.

A review of the Plea Agreement showed that the United States and the defendant agreed that should the Court, at the time of sentencing, find that pursuant to USSG § 3E1.1(a) the defendant qualified for a two level decrease in offense level for acceptance of responsibility, and prior to the operation of § 3E1.1(a), the

---

[12] *Id.*

defendant's offense level was 16 or greater, the United States would move the Court pursuant to USSG § 3E1.1(b), to decrease the defendant's offense level by one additional level for acceptance of responsibility.[13]

A review of the Presentence Investigation Report showed that the petitioner's Adjusted Offense Level was 24.[14] This level was reduced by three points for acceptance of responsibility pursuant to USSG § 3E1.1 (a) and (b).[15] At sentencing, the district court accepted the guidelines calculations contained in the Presentence Investigation Report.[16] Petitioner received the bargained-for reduction in sentence pursuant USSG § 3E1.1 (a) and (b).

Petitioner's fourth and seventh components of his ineffective assistance of counsel claim are without merit.

### Component 5: Failure to File Rule 12(b)(2) Motion to Suppress Deportation Order

In the fifth component of his ineffective assistance of counsel claim, the petitioner argued that counsel failed to file a motion to suppress the deportation order stemming from the prior removal proceeding.

---

[13] Record document number 25, p.4, ¶ 7.

[14] Record document number 27, Presentence Investigation Report *Sealed*, p. 6, ¶ 24.

[15] *Id*. at ¶ 25.

[16] Record document number 52, p. 5.

To prove his claim of ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient and that his deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064 (1984). To show prejudice, the petitioner must demonstrate a reasonable probability that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985). Petitioner cannot make that showing merely by stating now that he would have gone to trial if he had gotten different advice. The test is objective, not subjective. To obtain relief, the petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances. *Padilla v. Kentucky*, ___ U.S. ___, 130 S.Ct. 1473, 1485 (2010).

Resolution of this aspect of the petitioner's ineffective assistance of counsel claim depends largely on whether an attempt to challenge the prior removal order would have been successful. *See Hill v. Lockhart*, 474 U.S. at 60, 106 S.Ct. at 371. Only if such a challenge would have been successful should the court inquire whether "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59, 106 S.Ct. at 370.

### a. Previous Conviction an Aggravated Felony

Petitioner argued that his 2003 conviction of attempted rape

10

in the first degree in the Nassau County Court, State of New York, was not an aggravated felony and his attorney was ineffective for failing to challenge the characterization of the prior state conviction and then move to suppress the deportation order. Petitioner argued that he would have been eligible for pre-conclusion voluntary departure pursuant to 8 U.S.C. § 1229C(a), if his state conviction was not characterized as an aggravated felony.

The United States Code defines attempted rape as an aggravated felony. 8 U.S.C. § 1101(a)(43)(A) and (U). Petitioner was convicted of an aggravated felony as defined by federal law.

Any attempt to challenge the prior removal order based on the characterization of the state court attempted rape conviction would have been unsuccessful. Counsel's failure to challenge the entry of the prior removal order on this ground did not constitute deficient performance.

This aspect of the petitioner's ineffective assistance of counsel claim is without merit.

### b. Representation During Administrative Hearings

Petitioner argued that he was denied effective assistance of counsel when counsel failed to discover that the underlying removal order was defective because his waiver of counsel during the removal proceeding was unknowing and involuntary and he was not advised of his right to appeal the decision.

Petitioner was previously removed from the United States on or

about March 3, 2005.[17] Petitioner was indicted in this case with one count of illegal reentry by a removed alien, in violation of 8 U.S.C. § 1362(a), after he was found in this country without having obtained the consent of the Attorney General or his successor to reapply for admission.

An alien subject to an illegal re-entry prosecution under 8 U.S.C. § 1326 may challenge the underlying removal order under certain circumstances. An alien challenging a prior removal is required to establish that: (1) the removal hearing was fundamentally unfair; (2) the hearing effectively eliminated the right of the alien to challenge the hearing by means of a judicial review of the order; and (3) the procedural deficiencies caused the alien actual prejudice. *United States v. Lopez-Ortiz*, 313 F.3d 225, 229 (5th Cir. 2002).

Petitioner failed to show a reasonable likelihood that, but for the alleged defects in the removal proceeding, he would not have been removed. *See United States v. Estrada-Trochez*, 66 F.3d 733, 735 (5th Cir. 1995); *see also United States v. Villaneuva-Diaz*, 634 F.3d 844, 852 (5th Cir. 2011) (stating that speculation that an alien would not have been removed is not sufficient).

Having failed to establish that he would not have been removed, the petitioner has not established the requisite prejudice necessary to establish his ineffective assistance of counsel claim.

---

[17] Record document number 1, Indictment.

Petitioner's fifth component of his ineffective assistance of counsel claim is without merit.

### Component 6:  Failure to Contact Consular Official for Assistance

In the sixth component of his ineffective assistance of counsel claim, the petitioner argued that counsel failed to contact his country's consular official and request additional assistance.

First, Article 36 of the Vienna Convention does not create any individually enforceable rights. *United States v. Jimenez-Nava*, 243 F.3d 192, 198 (5th Cir. 2001). Second, the petitioner was advised of his right to consular notification.[18] Petitioner requested that his consulate be notified.[19] On October 16, 2009, the United States notified the consulate of the petitioner's arrest and the nature of the charge.[20]

There is no evidence that counsel's performance was deficient. This aspect of the petitioner's ineffective assistance of counsel claim is without merit.

**Ground 2: Lack of Subject Matter Jurisdiction**

In the second ground for relief, the petitioner argued that the district court lacked subject matter jurisdiction because the

---

[18] Record document number 5, Clerk's Minutes 5(a) Hearing, p. 2.

[19] *Id*.

[20] Record document number 53-8 *Sealed*, Exhibit G.

prior deportation order was defective.

In response, the United States argued that the petitioner's subject matter jurisdiction claim is procedurally barred.

Pursuant to a written plea agreement the petitioner pled guilty to one count of illegal reentry by a removed alien in violation of 8 U.S.C. § 1362(a).[21] In exchange for his guilty plea and his waiver of appellate and § 2255 rights, the government agreed to bring no additional criminal charges related to the violation contained in the indictment.[22] The plea agreement reserved the right to appeal the following: (1) any punishment imposed in excess of the statutory maximum; (2) any punishment which is an upward departure pursuant to the guidelines; and, (3) any punishment which is above the guideline range calculated by the Court.[23] On June 3, 2010, the petitioner was sentenced to 120 months in the custody of the United States Bureau of Prisons.

Petitioner appealed his sentence arguing that the district court's decision to impose an upward variance at sentencing constituted an impermissible quadruple counting. On February 17, 2011, the United States Court of Appeals for the Fifth Circuit affirmed the judgment of the district court. *United States v. Giovennie Barahona,* 412 Fed. Appx. 717 (5th Cir. 2011).

---

[21] Record document number 25.

[22] *Id*. at pp. 1-2.

[23] *Id*. at 2, ¶ 4.

As previously stated above, there are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and, (4) the sentence is otherwise subject to collateral attack.

Following a conviction and exhaustion or waiver of the right to direct appeal, the defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)(en banc), *cert. denied,* 502 U.S. 1076, 112 S.Ct. 978 (1992). A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude, *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471 (1962), and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default, and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594 (1982). If the alleged error is not constitutional or jurisdictional, the defendant must show that the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice. *United States v. Capua*, 656 F2d. 1033, 1037 (5th Cir. 1981).

Petitioner did not argue that he has overcome the procedural

15

bar by demonstrating the necessary cause and prejudice[24] or a fundamental miscarriage of justice.[25] Petitioner's claim that the district court lacked subject matter jurisdiction is procedurally barred.

Even if the court were to construe the petitioner's claim as a motion to dismiss his indictment, the court would be without jurisdiction to entertain the motion.

Petitioner argued that his indictment was so defective as to fail to invoke the district court's jurisdiction or state an offense. Generally, a motion alleging a defect in an indictment must be raised before trial, "but at any time while the case is *pending*, the court may hear a claim that the indictment ... fails to invoke the court's jurisdiction or state an offense." Fed.R.Crim.P. 12(b)(3)(B) (emphasis added). Petitioner has already been sentenced, appealed his sentence, and his appeal has been

---

[24] The "cause" standard requires the petitioner to show that "some objective factor external to the defense" prevented him from timely raising the claims he now advances. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986). Objective factors that constitute cause include interference by officials that make compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense. *Id*.

In addition to establishing cause for his procedural default, the petitioner must also show actual prejudice to overcome it. *United States v. Bowes*, 139 F.3d 900 (5th Cir. 1998).

[25] To establish a fundamental miscarriage of justice, the petitioner must demonstrate his actual innocence. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993).

decided.  Petitioner's case is no longer "pending" within meaning of Rule 12(b)(3)(B).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's Verified Motion to Vacate Sentence and Conviction be denied.

Baton Rouge, Louisiana, May 14, 2012.

                                           _____
                                           STEPHEN C. RIEDLINGER
                                           UNITED STATES MAGISTRATE JUDGE